ESSEX COUNTY COURT OF COMMON PLEAS.

HENRY LORENZ, petitioner-appellant,

*v.*

ALUMINUM GOODS MANUFACTURING COMPANY, respondent-appellee.

**Workmen's Compensation—Loss of Hand—Loss of Separate Fingers—Total Loss of Hand.**

On appeal from determination made by Workmen's Compensation Bureau.

*Mr. Samuel Press,* for the petitioner.

*Messrs. Edwards & Smith,* for the respondent.

STICKEL, JR., J.

The petitioner in an accident arising out of and in the course of his employment, and which took place January 4th, 1921, lost the second, third and fourth fingers of his right hand entirely, all but one phalange of his first finger and the thumb of his left hand. There was also some slight testimony that there is an atrophy and loss of tone of the muscles of the right hand as the result of the amputation of the fingers.

The commissioner awarded compensation on the basis of an eighty-five per cent. loss of the right hand, and compensation, according to the schedule, for the loss of the thumb of the left hand.

The petitioner appeals, contending that there was, in fact, an injury to both hands, or that the usefulness of each of the hands was impaired, and, therefore, that compensation should have been awarded for a partial or permanent injury to both hands.

It seems to me that the finding of the commissioner was correct.

The statute in subdivision C, paragraph 11, provides for the loss of a thumb, fifty per cent. of daily wages during sixty weeks; for the loss of the index finger, the same percentage of daily wages during thirty-five weeks; the second finger, thirty weeks; third finger, twenty weeks, and fourth finger, fifteen weeks. It then provides that the loss of the first phalange of a thumb or a finger shall be considered equal to the loss of one-half of such thumb or finger, while the loss of more than one phalange shall be considered as a loss of the entire finger or thumb. Then follows this very significant language: "Providing, however, that in no case shall the amount received for more than one finger exceed the amount provided in this schedule for the loss of a hand."

This, it seems to me, clearly indicates the intention of the legislature to allow as for an injury to the hand where there is a loss of more than one finger, provided that in no case may such award or allowance exceed the amount of compensation provided in the schedule for the loss of a hand. The legislature apparently had in mind that the loss of a single finger could be compensated as for the loss of a finger, but that the loss of more than one finger might involve something more than mere loss of fingers, and, consequently, permitted a latitude which is limited by the amount of compensation provided by the schedule for the loss of a hand.

In this case the loss of the three fingers and all but a stump of the fourth, even aside from the atrophy of the muscles of the hand produced by such loss, certainly involves an injury to the hand, and in view of the testimony and the statute permitting it the award of compensation on the basis of an eighty-five per cent. loss of the hand seems to me to be entirely justified. *Switchkard* v. *Arrow Motor Cartage Co., Ill., Ind., Bd., February 6th, 1915,* cited in case note in *8 Neg. Comp. Cases, anno. 478; Kline* v. *A. J. Johnson & Sons Furniture Co.* (the same industrial board), *November 23d, 1914,* cited in said case note; *Blackford* v. *Green, 87 N. J. Law 359.*

But to say that the left hand is injured or its usefulness impaired within the meaning of the statute by the loss of the left thumb alone, is to ignore the statutory schedule entirely.

When we speak of a hand we undoubtedly have in mind the fingers and the thumb, the ends of the hand, and if the statute made no provision for compensation for loss of fingers and thumbs as such, compensation must be allowed for the loss of a thumb on the basis of an injury to the hand or the impairment of the use of that member.

But by the statute the hand, as we know it, is divided and provisions made for the loss of an entire hand, and for the loss of part of it, the ends, the fingers and thumb. The legislature has not left to speculation what percentage of the award for the loss of a hand shall be allowed for the loss of a thumb or a given finger but has determined it itself, fixed the value in compensation for the loss of such member itself.

And it is interesting to note that the allowances made for the loss of four fingers and a thumb total one hundred and sixty weeks, while the compensation provided by the schedule for the loss of the whole hand only amounts to one hundred and fifty weeks.

How, then, can the loss of a thumb be compensated for on the basis of an injury to the hand when the statute declares it shall be compensated for as the loss of a thumb and has fixed the value of such thumb in terms of compensation? Certainly, if the only injury suffered by petitioner had been the loss of his left thumb, the only possible award must have been that called for by the schedule for the loss of a thumb.

But the petitioner contends that having in the same accident suffered an injury to the right hand in the loss of almost four fingers thereof, the loss of the thumb of the left hand is no longer mere loss of a thumb compensable according to the fixed compensation value established by the statute, but has become a statutory injury to the hand member, a statutory impairment of the hand compensable under that clause of subdivision C of paragraph 11, which reads as follows:

Essex Co. Ct. Com. Pleas—Lorenz v. Aluminum Goods Mfg. Co.

"In all lesser or other cases involving permanent loss, or where the usefulness of a member or any physical function is permanently impaired, the compensation shall be sixty-six and two-thirds per centum of daily wages, and the duration of the compensation shall bear such relation to the specific periods of time stated in the above schedule as the disabilities bear to those produced by the injuries named in the schedule."

I am unable to find any warrant for this view either in the statute itself or in the cases cited by the petitioner or in those I have examined. The cited clause relied upon is designed to provide for situations not covered by the schedule. It does not eliminate the schedule, it rather supplements it and includes those cases in which there is no actual loss of a member, but merely an impairment of the usefulness of the member or of some physical function. For instance, if instead of having lost his left thumb petitioner's thumb had been paralyzed, the instant section would apply. There being no injury to the hand or to its usefulness other than that arising from the loss of the thumb, compensation must be according to the schedule for the loss of such member, namely, an allowance of sixty weeks' compensation. *Fountona* v. *American Rubber Manufacturing Co. of New Jersey, 39 N. J. L. J. 92; Barbour Flax Spinning Co.* v. *Hagerty, 85 N. J. Law 407; Bateman Manufacturing Co.* v. *Smith, 85 N. J. Law 409.*